Filed 6/4/14  P. v. Guerra CA2/5

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B253981 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA053877) |
| v. | |
| PEDRO ORLANDO GUERRA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Ronnie Duberstein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, Pedro Orlando Guerra, appeals from a December 19, 2013 order denying his motion for recall of sentence pursuant to Penal Code section 1170.126.[1]  On November 1, 2004, a jury convicted defendant of attempted first degree residential burglary.  (§§ 664, 459.)  Defendant had sustained two prior serious felony convictions.  On March 4, 2005, defendant was sentenced to 35 years to life pursuant to sections 667, subdivisions (a)(1) and (e)(2) and 1170.12, subdivision (c)(2).  We affirm.

# II. DISCUSSION

We appointed counsel to represent defendant on appeal.  After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised.  Instead, appointed appellate counsel requested that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.)  On March 21, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wishes us to consider.  We have examined the entire record and are satisfied appointed appellate counsel has fully complied with her responsibilities.

The argument defendant raised in the trial court is frivolous.  Defendant is ineligible for resentencing because he was convicted of attempted first degree burglary, a serious felony, and sentenced to an indeterminate term of life imprisonment.  (§§ 1170.126, subd. (e)(1); 1192.7, subds. (c)(18) & (c)(39).)

On April 1, 2013, defendant filed a letter with this court.  Defendant argues he pled guilty to one of his two prior serious felony offenses without ever having been advised that he had a right to go to trial.  Defendant asserts that had he been so advised, he would not have entered a guilty plea.  The advisement issue is outside the record on

---

[1]    Further statutory references are to the Penal Code unless otherwise noted.

appeal; it cannot be considered on appeal from the trial court's order denying defendant's resentencing petition. (*People v. Waidla* (2000) 22 Cal.4th 690, 703, fn. 1 ["An appeal is 'limited to the four corners of the [underlying] record on appeal'"]; *In re Carpenter* (1995) 9 Cal.4th 634, 646 [same].) Further, the issue was not raised in conjunction with his sentence recall application and is thus forfeited. (*People v. Chism* (May 5, 2014, S101984) ___ Cal.4th ___, ___[2014 WL 1759581*17]; *People v. Boyer* (2006) 38 Cal.4th 412, 441, fn. 17.)

## III. DISPOSITION

The December 19, 2013 order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:


MOSK, J.


KRIEGLER, J.

3